

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,869

### EX PARTE PRESTON HUGHES III, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM CAUSE NO. 511676-C IN THE 174ᵀᴴ DISTRICT COURT HARRIS COUNTY

ALCALA, J., filed a concurring statement in which JOHNSON, J., joins.

### CONCURRING OPINION

I join the Court's decision dismissing applicant's second claim. However, I concur only in the Court's denial of his first claim because I disagree with the Court's rationale as to that claim. The Court denies that claim by holding that "applicant is not constitutionally entitled to a separate jury instruction at the punishment phase of trial" because the "evidence is not outside the scope of the special issues given, nor does it have an aggravating effect when considered within the scope of the special issues." Although I agree with the Court that relief should be denied, I conclude, for the reasons set forth in my dissenting opinion in

*Ex parte Williams*, that the trial court should have separately instructed the jury to consider mitigation evidence. *See Ex parte Williams* No. AP-76,455, 2012 Tex. Crim. App. Unpub. LEXIS 594, *81-85 (Tex. Crim. App. June 13, 2012) (not designated for publication) (Alcala, J., dissenting). But, unlike *Williams*, applicant has not presented evidence showing a reasonable probability that a juror, if able to give a reasoned moral response to the mitigating evidence, would have recommended a sentence of life rather than death. *Compare id.* at *90-91 (citing *Abdul-Kabir v. Quarterman*, 550 U.S. 233, 262 (2007)).

Applicant presents certain evidence that could be considered mitigation evidence that would warrant a separate mitigation instruction. His evidence shows that he was twenty-two years old at the time of the offense, a high school graduate, employed, friendly, and a responsible person who could be trusted to care for young children. This is positive-character evidence that would warrant a separate mitigation instruction. *See Franklin v. Lynaugh*, 487 U.S. 164, 186 (1988) (O'Connor, J., concurring) ("Evidence of voluntary service, kindness to others, or of religious devotion might demonstrate positive character traits that might mitigate against the death penalty.").

Although the separate mitigation instruction should have been given, the slight mitigative value of applicant's evidence is overwhelmed by the extensive aggravating evidence contained in the record in this case. Unlike *Williams*, I cannot conclude that there is a reasonable probability that this sentencing jury would have been affected by this minimal mitigation evidence. *Compare Williams*, No. AP-76,455, 2012 Tex. Crim. App. Unpub.

LEXIS 594, at *85-91.

Applicant suggests that the evidence at his trial showed his remorse for the offense, but the evidence is inconsistent with that characterization. The evidence shows he was sorry that the "two kids in this case were killed," but that he did not express remorse for his actions in causing their death. Because applicant failed to admit his criminal conduct and express personal remorse for his actions, no mitigation instruction was warranted for his passing comments about the death of the victims. Applicant's comments, therefore, are unlike the statements by the applicant in *Williams*, who did express personal remorse for his role in causing the death of the victim police officer. *Compare id.* at *79, *87-88.

With these comments, I concur in the Court's decision to deny applicant's requested relief with respect to his first claim.

Alcala, J.

Filed: August 29, 2012

Do Not Publish